<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| LAWRENCE R. FARRELL and KATHY FARRELL, : : : Plaintiffs, : : v. : : : MARTIN A. EINEMANN, JOHN DOE, : TRAILWAYS BUS COMPANY, : ADIRONDACK TRAILWAYS, et al., : : Defendants. : | Civil Action No. 04-2088 (JAG)  OPINION |

<u>GREENAWAY, JR., U.S.D.J.</u>

This matter comes before the Court on two motions for summary judgment, pursuant to FED. R. CIV. P. 56: 1) by Defendant Martin A. Einemann ("Einemann"); and 2) by Defendants Trailways Bus Company, Adirondack Trailways, Inc., and Pine Hill Kingston Bus Corp. (the "Bus Defendants"). For the reasons set forth below, Einemann's motion will be denied, and the Bus Defendants' motion will be granted.

## BACKGROUND

The following facts are undisputed except as noted. This case arises from an incident on October 11, 2003 at a bus stop in New Jersey. Plaintiff Lawrence R. Farrell ("Farrell") attempted to board a commercial bus driven by Einemann and operated by the Bus Defendants. Einemann refused to allow him to board. Shortly after, Farrell was found unconscious and had sustained injuries; the parties dispute what caused the injuries. The parties agree, however, that

Farrell was intoxicated as a result of alcohol consumption at the time. Farrell alleges that he was injured because Einemann struck him physically, which Einemann denies.

On March 25, 2004, Plaintiffs filed a Complaint in Superior Court of New Jersey, listing three claims: 1) damages for injuries caused by Einemann's negligent striking of Farrell; 2) punitive damages based on Einemann's malicious striking of Farrell; and 3) loss of services and consortium suffered by Farrell's wife, Kathy Farrell, as a result of Farrell's injuries. The matter was timely removed to federal court, based on diversity of citizenship.

## LEGAL STANDARD

**I.      Summary Judgment**

Summary judgment is appropriate under FED. R. CIV. P. 56(c) when the moving party demonstrates that there is no genuine issue of material fact and the evidence establishes the moving party's entitlement to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). A factual dispute is genuine if a reasonable jury could return a verdict for the non-movant, and it is material if, under the substantive law, it would affect the outcome of the suit. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'" Marino v. Indus. Crating Co., 358 F.3d 241, 247 (3d Cir. 2004) (quoting Anderson, 477 U.S. at 255).

"When the moving party has the burden of proof at trial, that party must show affirmatively the absence of a genuine issue of material fact: it must show that, on all the essential elements of its case on which it bears the burden of proof at trial, no reasonable jury

could find for the non-moving party." In re Bressman, 327 F.3d 229, 238 (3d Cir. 2003) (quoting United States v. Four Parcels of Real Property, 941 F.2d 1428, 1438 (11th Cir.1991)). "[W]ith respect to an issue on which the nonmoving party bears the burden of proof . . . the burden on the moving party may be discharged by 'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." Celotex, 477 U.S. at 325.

Once the moving party has satisfied its initial burden, the party opposing the motion must establish that a genuine issue as to a material fact exists. Jersey Cent. Power & Light Co. v. Lacey Township, 772 F.2d 1103, 1109 (3d Cir. 1985). The party opposing the motion for summary judgment cannot rest on mere allegations and instead must present actual evidence that creates a genuine issue as to a material fact for trial. Anderson, 477 U.S. at 248; Siegel Transfer, Inc. v. Carrier Express, Inc., 54 F.3d 1125, 1130-31 (3d Cir. 1995). "[U]nsupported allegations . . . and pleadings are insufficient to repel summary judgment." Schoch v. First Fid. Bancorporation, 912 F.2d 654, 657 (3d Cir. 1990); see also FED. R. CIV. P. 56(e) (requiring nonmoving party to "set forth specific facts showing that there is a genuine issue for trial"). "A nonmoving party has created a genuine issue of material fact if it has provided sufficient evidence to allow a jury to find in its favor at trial." Gleason v. Norwest Mortg., Inc., 243 F.3d 130, 138 (3d Cir. 2001).

If the nonmoving party has failed "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial, . . . there can be 'no genuine issue of material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts

immaterial." Katz v. Aetna Cas. & Sur. Co., 972 F.2d 53, 55 (3d Cir. 1992) (quoting Celotex, 477 U.S. at 322-23).

## DISCUSSION

This is a case that appears to have undergone a change in direction. Plaintiff's Complaint states three claims. Each depends on the allegation that Einemann physically struck Farrell; this is the key issue. The motions for summary judgment, however, do not uniformly treat this as the key issue. Instead, despite the objections of Defendant Einemann, the parties seem to have moved on to litigating a claim which is absent from the Complaint, one founded on the allegation that Einemann denied Farrell a ride and left him in a dangerous condition. Plaintiffs did not make a claim for denial of a ride in the Complaint, and this Court will not disregard Einemann's objections and rule on a claim which has not been stated in the Complaint. See FED. R. CIV. P. 15(b) (requiring consent of the parties for the Court to treat issues not raised in the pleadings as if they had been included).

Subsequent to the filing of these summary judgment motions, Plaintiffs sought leave to amend the Complaint to add this claim. As of the date of filing of these motions for summary judgment, this proposed claim is not included in the Complaint and shall not be considered. Rather, all parties are entitled to the opportunity to be heard on the issue of whether this Court should grant leave to amend the Complaint to include the proposed new claim.

**I.       Einemann's Motion for Summary Judgment**

As noted above, Plaintiff's case against Einemann depends on the allegation that Einemann struck Farrell. The non-moving party bears the burden of proof at trial that Einemann struck Farrell. To prevail at summary judgment, then, the moving party must show that "there is

an absence of evidence to support the nonmoving party's case." Celotex, 477 U.S. at 325.

Einemann has not done so.  Einemann does not analyze or argue the evidence on the issue of whether Einemann struck Farrell.  Instead, while objecting to Plaintiffs' pursuit of their proposed claim without having amended their pleadings, Einemann argues for judgment on the proposed claim.  Einemann has not satisfied the requirements for a grant of summary judgment.  On this record, there cannot be a determination of whether there are genuine issues as to any material fact.  Einemann's motion for summary judgment is denied.

## II.     The Bus Defendants' Motion for Summary Judgment

The Bus Defendants move for summary judgment on both the actual claims and the proposed claim.  The arguments on the proposed claim will not be considered.  As to the claims based on the alleged assault, the Bus Defendants argue that they cannot be held liable for their employee's alleged intentional violent conduct, as the conduct alleged would necessarily be outside the scope of his employment.

The parties agree that the Bus Defendants are vicariously liable only if the alleged intentional violent conduct was within the scope of Einemann's employment, and they agree, as does this Court, that the appropriate test is set forth in Di Cosala v. Kay, 91 N.J. 159, 169 (1982):

> Conduct is generally considered to be within the scope of employment if: it is of the kind [that the servant] is employed to perform; it occurs substantially within the authorized time and space limits; [and] it is actuated, at least in part, by a purpose to serve the master.

See also Abbamont v. Piscataway Township Bd. of Educ., 138 N.J. 405, 416 (1994) (citing Di Cosala for this test).  Furthermore, the parties agree that, when an employee has intentionally used force, the key question in determining the employer's liability is whether such force is "not

5

unexpectable" by the employer.  Mason v. Sportsman's Pub, 305 N.J. Super. 482, 499 (N.J. Super. Ct. App. Div. 1997).

The Bus Defendants contend that Plaintiffs cannot prove that the alleged violent conduct was done to serve the employer, and that there is no evidence that such force is not unexpectable by the employer.  Plaintiffs respond by arguing that the alleged violent conduct was done to serve the employer, and that it is "not unexpectable."  Such argument alone is insufficient to defeat a motion for summary judgment.[1]  Plaintiffs must present actual evidence that shows the existence of a material factual issue for trial.  Anderson, 477 U.S. at 248.  At trial, Plaintiffs would have the burden of proving liability, and thus that Einemann's alleged violent conduct was within the scope of his employment.  Their failure to present any evidence in support of this element constitutes a complete failure of proof.  See Celotex, 477 U.S. at 322-23.  As such, they have failed to defeat the motion.

Plaintiffs argue as well that the Bus Defendants are liable for the torts of employees not only on the respondeat superior theory discussed above, but also because of their duty as a common carrier to transport passengers safely.  This argument fails because it rests on a factual predicate that Plaintiffs did not establish, that Farrell was a passenger.  Plaintiffs have pointed to no evidence that Farrell was a passenger.  Again, at trial, Plaintiffs would have the burden of establishing that Farrell was a passenger, and their failure to present any evidence in support of this element constitutes a complete failure of proof.

The Bus Defendants have demonstrated that "there is no genuine issue as to any material

---

[1] Moreover, Plaintiffs avoid facing the obvious problem of explaining how striking a potential customer in any way serves the employer's interests.

fact and that [they are] entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The Bus Defendants have no liability to Plaintiffs for any claim in the Complaint. Summary judgment is granted in their favor.

### III. Plaintiffs' motion to amend the complaint

On February 8, 2006, Plaintiffs moved to amend the Complaint to add a claim based on Einemann leaving Farrell in a dangerous condition. Plaintiffs submitted no brief, but only a certification with a cursory legal argument. In response, Defendants submitted a letter asking that the motion to amend be held in abeyance, pending a decision on the outstanding motions for summary judgment.

Further briefing on the motion to amend is necessary, and will be ordered. In particular, inter alia, the parties should address the statute of limitations and the operation of FED. R. CIV. P. 15(c)(2).

### CONCLUSION

Einemann's motion for summary judgment addresses a claim not stated in the Complaint and is denied. The Bus Defendants have demonstrated that there is no genuine issue as to any material fact and that they are entitled to a judgment as a matter of law; their motion for summary judgment is granted. Further briefing will be ordered for Plaintiff's motion to amend the Complaint, in an appended Order of this Court.

    S/Joseph A. Greenaway, Jr.
JOSEPH A. GREENAWAY, JR., U.S.D.J.

Dated: June 6, 2006